

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HUI LIANG, | No. 12-70493 |
| Petitioner, | Agency No. A098-452-500 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015[**]
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Hui Liang (Liang) appeals the decision by the Board of Immigration

Appeals (BIA) denying his applications for asylum, withholding of removal, and

relief under the Convention Against Torture (CAT).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** Because we review the BIA's decision rather than that of the Immigration Judge (IJ), we do not address any challenge to the IJ's findings. *See Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

**2.** The BIA's adverse credibility determination was supported by substantial evidence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2013), *as amended*. The BIA relied on inconsistencies in Liang's account of the events resulting in his detention and alleged persecution. These events "go to the heart" of Liang's case. *Jie Cui v. Holder*, 712 F.3d 1332, 1336-37 (9th Cir. 2013) (noting that under the pre-REAL ID Act requirements, inconsistencies must "go to the heart" of the petitioner's case–the events underlying the claim of persecution). The BIA noted inconsistencies regarding whether the police surrounded the church, were in front of the church, were getting out of a vehicle, or were across the street when Liang arrived. Liang changed other details of his story throughout the course of his testimony, including whether he yelled for the attendees to run, rushed into the church to warn the attendees to run, or blocked the door so the police could not enter. Liang also testified that he was knocked unconscious during his first detention, but did not state in his written statement that he was knocked unconscious. *See id.* at 1335-36 (noting that the written statement failed to

mention a "significant" allegation).  The adverse credibility determination supported by substantial evidence forecloses Liang's asylum and withholding of removal claims.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**3.**  Liang's CAT claim is predicated on the same testimony that the BIA found not credible.  Because Liang points to no other evidence to support his CAT claim, that claim also fails.  *See id.* at 1156-57.

**PETITION DENIED.**